Case 1:23-cv-00093   Document 20   Filed on 11/03/23 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
November 03, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ERICK ARTURO PAREDES, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 1:23-CV-093 |
| § | |
| ANTONY J. BLINKEN, § | |
| § | |
| Defendant. § | |

## ORDER AND OPINION

On more than one occasion, Plaintiff Erick Arturo Paredes has applied for a United States passport, claiming that he is a United States citizen because he was born in Brownsville, Texas. The United States Department of State has denied each request, asserting that Paredes has not proven his right to United States citizenship.

In June 2023, Paredes sued Defendant Antony J. Blinken, in his official capacity as Secretary of State, under 8 U.S.C. § 1503(a), seeking a judicial declaration that he is a United States citizen. (Compl., Doc. 1)

Blinken now moves to dismiss the lawsuit, arguing that Paredes did not timely file his Complaint within the applicable statute of limitations. (Motion, Doc. 12) Based on the record and the applicable law, the Court agrees and concludes that it does not possess subject matter jurisdiction over this matter.

**I.     Jurisdictional Facts and Procedural Background**

Paredes alleges that in 1989 or 1990[1], he was born in Brownsville, Texas, with the assistance of a midwife, Margarita Garcia Rojas. (Compl., Doc. 1, ¶ 6)

In March 2009, Paredes filed an application for a United States passport. (Initial Denial Ltr., Doc. 12–2, 4)  In June, the Department of State communicated to Paredes that it had

---

[1] The Complaint identifies both years. (Compl., Doc. 1, ¶ 6)

determined that the midwife who delivered him had "been convicted of submitting false birth records."[2] (Suppl. Ltr., Doc. 12–2, 6)  The agency requested that Paredes provide "[f]urther information" to support his "claim of birth in the United States" (*Id.*), although he does not appear to have done so. (Initial Denial Ltr., Doc. 12–2, 4 ("We did not receive a response from you to the Department's letter sent on 06/09/2009".))

In April 2010, the Department of State denied Paredes's application on the grounds that he had submitted insufficient evidence of citizenship. (*Id.*)  The denial letter explained that "[t]here is reason to believe that the birth attendant who filed your birth certificate did so fraudulently". (*Id.*)  The agency informed Paredes that he had 60 days to provide additional information in support of his application. (*Id.*)

In August, Paredes submitted additional evidence, including photocopies of his immunization records, parents' work visas, newspaper clippings, and other documents. (Final Denial Ltr., Doc. 12–2, 2)  The following month, on September 27, 2010, the Department of State again denied the passport application, finding the additional evidence insufficient to support the "physical presence" of Paredes's mother "in the United States at the time of [his] birth." (*Id.*)  The agency explained to Paredes that "none of the evidence lists your place of birth." (*Id.*)  And the letter concluded by informing Paredes that the Department of State would conduct "[n]o further review . . . absent the filing of a new paid fee application." (*Id.* at 3)

Eleven years passed.

In October 2021, Paredes filed a renewed application for a passport. (Dept. of State Ltr., Doc. 3–1, 57)  A month later, the Department of State responded by noting that a Texas birth record reflected Paredes's birth place as Brownsville, Texas, while a Mexican birth record claimed Monterrey, Mexico as his birth place. (*Id.*)  The agency requested an explanation of the conflicting

---

[2] As context, the Court takes judicial notice that in 1997, Garcia Rojas was convicted of unlawful procurement of citizenship, in violation of 18 U.S.C. § 1425(b), for filing false affidavits of United States birth records for children born in Mexico. *See U.S. v. Garcia Rojas*, Criminal No. 1:96-300-1 (S.D. Tex. 1996).  This fact does not bear on the resolution of Blinken's Motion.

birth records, as well as any early childhood records that Paredes possessed and that reflected his date and place of birth. (*Id.*)

In January 2023, Paredes responded with a statement concerning the two birth records and indicated that he had submitted all the evidence that he possessed. (Paredes Ltr., Doc. 3– 1, 54)

Five months later, Paredes filed this lawsuit, alleging that the Department of State had constructively denied his passport by not acting upon it.

Blinken now moves to dismiss the Complaint as not timely filed, arguing that a five-year statute of limitations applies, running from the initial denial in September 2010. (Motion, Doc. 12)  Under this theory, Paredes had to file his lawsuit by September 2015, which he failed to do. In response, Paredes contends that applying the statute of limitations to bar his claim to citizenship violates his constitutional rights under the Fourteenth Amendment.  (Response, Doc. 19, 5)

## II.   Standard of Review

"Federal courts are courts of limited jurisdiction having only the authority endowed by the Constitution and that conferred by Congress." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014) (cleaned up).  "The burden of proving subject matter jurisdiction lies with the party asserting jurisdiction, and it must be proved by a preponderance of the evidence." *In re S. Recycling, L.L.C.*, 982 F.3d 374, 379 (5th Cir. 2020).

"In reviewing a motion to dismiss for lack of jurisdiction, the court may consider any of the following: '(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Sissom v. Univ. of Texas High Sch.*, 927 F.3d 343, 348 n. 1 (5th Cir. 2019) (internal quotation marks omitted).  A dismissal for lack of subject matter jurisdiction is without prejudice to refiling. *Denning v. Bond Pharmacy, Inc.*, 50 F.4th 445, 452 (5th Cir. 2022).

### III.     Analysis

Paredes has sought relief pursuant to 8 U.S.C. § 1503(a), which allows a putative United States citizen to request a judicial declaration of citizenship. Such claims, however, "may be instituted only within five years after the final administrative denial of such right or privilege." 8 U.S.C. § 1503(a). The five-year limitation is "jurisdictional." *Gonzalez v. Limon*, 926 F.3d 186, 188 (5th Cir. 2019); *see also Cambranis v. Blinken*, 994 F.3d 457, 463 (5th Cir. 2021) (explaining that if a plaintiff files a Section 1503 action beyond the five-year window, "the district court lacks subject-matter jurisdiction to hear the claim").

When an individual files multiple passport applications, the statute of limitations begins to run upon the first final administrative denial. *Gonzalez*, 926 F.3d at 190. An agency decision is final when it marks "the consummation" of the agency process and when "rights or obligations have been determined." *Bennett v. Spear*, 520 U.S. 154, 178 (1997). An individual's subsequent passport application, with another denial from the Department of State, does not reset the statute of limitations. *Gonzalez*, 926 F.3d at 190.

In this case, the Department of State administratively denied Paredes's passport application in September 2010. (Letter, Doc. 12–2, 3) The agency communicated unambiguously: "[T]he original denial stands. No further review will be provided absent the filing of a new fee paid application." (*Id.*) This communication marked the first final administrative denial. At that moment, the Department of State had consummated its agency process and determined Paredes's rights and obligations. The statute of limitations began to run on his statutory rights to challenge the denial.

Under the plain terms of Section 1503(a), Paredes had to file his lawsuit by September 2015. He did not initiate his lawsuit until June 2023, nearly eight years too late.

Not surprisingly, Paredes does not contest the principles that *Gonzalez* established. Instead, he argues that the five-year statute of limitations violates his due process rights under

the Fourteenth Amendment of the United States Constitution. (Response, Doc. 19, 5)  In support of his position, he contends that "[t]he nature of citizenship by birth should not have any connotations of being time-bound", and that a "clear jurisprudential framework . . . upholds the perpetual validity of this constitutional right." (*Id.*)  But aside from quoting the Fourteenth Amendment, he provides no judicial or statutory authorities supporting his argument.

This Court has located no controlling authority establishing that a statute of limitations runs afoul of an individual's constitutional rights.  On the contrary, the Supreme Court has reasoned that "as a matter of constitutional law, [. . .] statutes of limitation go to matters of remedy, not to destruction of fundamental rights." *Chase Sec. Corp. v. Donaldson*, 325 U.S. 304, 314 (1945).  And relying upon this language, other courts have upheld laws that retroactively shortened an applicable statute of limitations, as long as individuals possessed a "reasonable time" to pursue claims. *See, e.g., United States v. Flores*, 135 F.3d 1000, 1004 (5th Cir. 1998) (quoting *Donaldson* and concluding that a one-year period provided a reasonable time for defendants to file petitions for writ of habeas corpus under the Anti-Terrorism and Effective Death Penalty Act).  The present case does not involve an amended statute: Section 1503(a) has applied a five-year statute of limitations since its enactment in 1952.  As a result, the Court finds that no legal authority supports Paredes's position.

### IV. Conclusion

For the reasons stated above, it is:

**ORDERED** that Defendant Antony J. Blinken's "Motion to Dismiss Plaintiff's Complaint" (Doc. 12) is **GRANTED**; and

**ORDERED** that Plaintiff Erick Arturo Paredes's Complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

The Clerk of Court is directed to close this case.

Signed on November 3, 2023.

                                                                     _____
Fernando Rodriguez, Jr.
United States District Judge